1  Christina M. Kotowski (State Bar No. 197266)
   FISHER & PHILLIPS LLP
2  One Embarcadero Center, Suite 2340
   San Francisco, CA 94111-3712
3  Telephone: (415) 490-9000
   Facsimile:  (415) 490-9001
4  ckotowski@laborlawyers.com

5  Attorneys for Defendant
   Allied Technology Group
6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 | CHRISTOPHER GALLANT,              | Civil Action No. C08-00827 JL
12 |              Plaintiff,           | NOTICE OF MOTION AND DEFENDANT'S MOTION TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES
13 | v.                                | [F.R.C.P. 12(b)(6)]
14 | ALLIED TECHNOLOGY GROUP, INC.,    |
15 | DOES 1-10, inclusive,             |
16 |              Defendants.          | Date: May 28, 2008
   |                                   | Time: 9:30 a.m.
17 |                                   | Judge: Hon. James Larson
   |                                   | Location: Courtroom F, 15th Floor
18

19

20                     **NOTICE OF MOTION AND MOTION**

21  TO PLAINTIFF CHRISTOPHER GALLANT AND HIS ATTORNEY OF RECORD:

22      PLEASE TAKE NOTICE that on May 28, 2008, at 9:30 a.m. or as soon thereafter as

23  this matter may be heard in Courtroom F of the above-entitled court, located at 450 Golden

24  Gate Avenue, 15th Floor, San Francisco, California 94102, Defendant Allied Technology

25  Group, Inc. will and hereby does move to dismiss the second and third causes of action from

26  Plaintiff Christopher Gallant's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6),

27  on the ground that they fail to state a claim upon which relief can be granted. Plaintiff seeks to

28  apply California labor law to work which Plaintiff alleges was performed on a federal enclave,

---

MOTION TO DISMISS PORTIONS OF COMPLAINT; MEMORANDUM IN SUPPORT                    1
Civil Action No. C08-00827 JL
SanFrancisco 104679.1

in violation of Article I, Section 8, Clause 17 of the United States Constitution.

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings on file in this case, and such oral argument as the Court may entertain at the hearing of this matter.

Dated: April 21, 2008                    FISHER & PHILLIPS LLP


By: ___/s/_____
Christina M. Kotowski
Attorneys for Defendant
Allied Technology Group

# SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Christopher Gallant ("Plaintiff") filed a complaint in this action against Defendant Allied Technology Group, Inc. ("Defendant") (1) seeking unpaid overtime wages under the Fair Labor Standards Act (FLSA); (2) alleging a violation of California Labor Code section 1194; and (3) alleging that he was not provided with rest periods or uninterrupted meal periods as required by California Labor Code section 226.7. Because Plaintiff's complaint discloses fatal defects in the second and third causes of action for violation of California law, Defendant moves to dismiss these claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff's complaint alleges that he has worked for Defendant on a federal enclave, Coast Guard Island in Alameda, California (Complaint ¶ 7 at p. 2, lines 13-15). Plaintiff's complaint also alleges that he filed a claim for unpaid overtime and missed meal and rest periods with the California Department of Industrial Relations, Division of Labor Standards Enforcement, and that the agency issued a final determination that it did not have jurisdiction to hear Plaintiff's claim. (Complaint ¶¶ 11-12, at p. 3, lines 6-13) Under the U.S. Constitution, the federal law, not state law, prevails in a federal enclave. Plaintiff cannot maintain state wage and hour claims against Defendant for work performed exclusively on Coast Guard Island.

## II. LEGAL ARGUMENT

### A. Legal Standard

Under Rule 12(b)(6), dismissal of a claim is proper where it appears to be beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle him to relief, or, the allegations disclose some absolute defense to bar recovery. *See, e.g., Weishbuch v. County of Los Angeles,* 119 F.3d 778, 783, n.1 (9th Cir. 1997); *Jablon v. Dean Whitter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980). For purposes of a motion to dismiss, "[A]ll material allegations in the complaint are to be taken as true and construed in the light most favorable to the non-moving party." *Sanders v. Kennedy,* 794 F.2d 479, 481 (9th Cir. 1986).

### B. The U.S. Constitution Bars Plaintiff's State-Law Wage Claims Relating to Work Performed on a Federal Enclave

Plaintiff's second and third causes of action improperly seek to apply state wage and hour laws to work performed on a federal enclave, specifically the federal military installation located on Coast Guard Island. But the United States Constitution gives Congress the power "[t]o exercise exclusive legislation in all cases whatsoever" over the District of Columbia and "like authority over all places purchased by the consent of the legislature of the state in which the same shall be, for the erection of forts, magazines, arsenals, dockyards, and other needful buildings." *See* U.S. CONST., art. I, § 8, cl. 17.

"The power of Congress over federal enclaves that come within the scope of Art. I, § 8, cl. 17, is obviously the same as the power of Congress over the District of Columbia. The cases make clear that the grant of 'exclusive' legislative power to Congress over enclaves that meet the requirements of Art. I, § 8, cl. 17, by its own weight, bars state regulation without specific congressional action." *Paul v. United States,* 371 U.S. 245, 263 (U.S. 1963); *accord U.S. v. Jenkins,* 734 F.2d 1322, 1326 (9th Cir. 1983) ("Under clause 17 Congress acts as a state government with total legislative, executive and judicial power.")

Here, Plaintiff's complaint alleges that he performed classified military support work for Defendant (a U.S. government contractor) on a federal enclave, Coast Guard Island. (Complaint, ¶¶ 7-8, 11-12). Federal law such as the Fair Labor Standards Act plainly applies

on a federal enclave. However, Plaintiff's second and third causes of action fail to state a claim because they improperly seek to apply state law following cession of the land to the federal government. This is especially obvious with respect to Plaintiff's third cause of action seeking damages for allegedly missed meal and rest periods in violation of California Labor Code section 226.7, a statute enacted only in 2000 (the former Assembly Bill 2509).

### III. CONCLUSION

For the reasons stated above, Defendant respectfully requests that the Court dismiss Plaintiff's second and third causes of action pursuant to Rule 12(b)(6), on the ground that they each fail to state a claim upon which relief can be granted.

Dated: April 21, 2008                                FISHER & PHILLIPS LLP


By: ___/s/_____
    Christina M. Kotowski
    Attorneys for Defendant
    Allied Technology Group